OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 1, 2001

The Honorable Mike Moncrief
Chair, Committee on Human Services
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0375

Re: Whether a contractual requirement that a superintendent of schools attend executive sessions of meetings of her board of trustees violates the Open Meetings Act (RQ-0327-JC)

Dear Senator Moncrief:

Your predecessor as chair of the Senate Human Services Committee requested our opinion regarding the validity, under the Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2001), of a contractual requirement whereby a superintendent of schools must attend all executive sessions of her board of trustees. We conclude that such a requirement does not violate the Open Meetings Act.

Information furnished with the request indicates that the employment contract of the superintendent of the school district that includes Randolph Air Force Base contains the following language: "'The Superintendent, or the Superintendent's designee shall attend all meetings of the Board, both public and closed, with the exception of those closed meetings devoted to the consideration of any action or lack of action on the Superintendent's contract or the Superintendent's salary and benefits as set forth in this contract or the Superintendent's evaluation.'"[1] The letter suggests that this provision contravenes chapter 551, Government Code, the Open Meetings Act, by requiring an individual who is not a member of the board of trustees to attend executive sessions.

The Open Meetings Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). Subchapter D of the Act furnishes a number of limited exceptions to the requirement that meetings of a governmental body be open to the public. In those instances, a governmental body is permitted to meet in executive, or closed, session. Neither subchapter D nor any other provision, however, specifies whether any persons other than members of the governmental body may attend an executive session.

---

[1] Letter from Honorable Judith Zaffirini, Chair, Human Services Committee, to Honorable John Cornyn, Texas Attorney General (Dec. 11, 2000) (on file with Opinion Committee) [hereinafter Request Letter]; Letter from Ms. Deb Knopf, to Honorable Judith Zaffirini, Chair, Human Services Committee, Texas State Senate, at 1 (Nov. 28, 2000) (attached to Request Letter) [Knopf Letter].

A number of prior opinions of this office touch on this issue. In Attorney General Opinion JM-6, the attorney general held that the commissioners court of Frio County could exclude the county clerk from its executive sessions, because "only the members of a governmental body—in this instance, the commissioners court—have the right, when authorized by section 2 of the Open Meetings Act, to convene in executive session." Tex. Att'y Gen. Op. No. JM-6 (1983) at 1; *see also* Tex. Att'y Gen. Op. No. JM-1004 (1989) (individual school trustees who were suing district could be excluded from executive session); Tex. Att'y Gen. LO-97-017 (hospital district's board of managers may exclude county attorney from executive session). And in Attorney General Opinion JM-238, this office said that, with regard to an executive session held under the attorney consultation exception, a governmental body was permitted to admit

> those officers and employees who are their representatives or agents with respect to the particular litigation in question and whose presence is necessary to effective communication with the attorney. Furthermore, the governmental body may not admit to its closed discussion of litigation those third parties who are adversaries or whose presence would otherwise prevent privileged communication from taking place. We do not believe that governmental bodies may simply admit anyone they wish regardless of whether that person is likely to make a legitimate contribution to the discussion.

Tex. Att'y Gen. Op. No. JM-238 (1984) at 5. To summarize, Attorney General Opinion JM-238 addressed only the admission of persons to an executive session held under the attorney consultation exception, and found that persons with an interest adverse to that of the governmental body could not be permitted to attend.

These opinions address who may or must be excluded from an executive session and who may be included in executive sessions held under the attorney consultation exception. This office has never addressed whether the Open Meetings Act permits a governmental body to routinely include an officer or employee of the governmental body, such as a school superintendent, in its executive sessions. A superintendent is not, of course, a member of the public vis a vis her board of trustees, but neither is she a member of the board with a right to attend its executive sessions. We believe it is clear from our prior opinions, however, that a governmental body has discretion with regard to who may attend its executive sessions. While those whose attendance is contrary to the legal basis for the executive session may not be included, *see id.*, a governmental body may include officers and employees of the governmental body whose participation is necessary to the matter under consideration. *See id.*

An independent school district's board of trustees oversees the management of the district. *See* TEX. EDUC. CODE ANN. § 11.051 (Vernon 1996). The superintendent is employed by the board to serve as the educational leader and chief executive officer of the district. *See id.* § 11.201. Given the superintendent's pivotal role in the district, we believe a board of trustees may reasonably conclude that its superintendent's presence is necessary at all executive sessions. Consequently, we

do not believe that contractual provision requiring a superintendent to attend the board's executive sessions violates the Open Meetings Act.

Since, however, the Open Meetings Act gives only the members of a governmental body the right to attend an executive session and gives a governmental body discretion with respect to what other persons may attend an executive session, *see* Tex. Att'y Gen. Op. Nos. JM-1004 (1989), JM-6 (1983), we would be troubled by a contractual provision that purported to give the superintendent a right, in contrast to a duty, to attend all executive sessions. The provision at issue does not appear to give the superintendent such a right. Furthermore, we do not believe that provision would prevent a board of trustees from excluding its superintendent from meetings whenever it chooses to do so.

## S U M M A R Y

A contractual provision requiring a superintendent of schools to attend all executive sessions of her board of trustees is valid under the Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2001).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee